IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK T. ALLEN, #N94327, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00931-GPM |
| | ) |
| C/O BOWER, and | ) |
| RICHARD HARRINGTON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**MURPHY, District Judge:**

Plaintiff Roderick T. Allen is currently in the custody of the Illinois Department of Corrections, housed at Menard Correctional Center. On September 10, 2013, Allen, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, seeking "emergency relief" (Doc. 1). Out of an overabundance of caution, the complaint is construed as containing a motion for temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65(b).

Allen has been told that gangs believe he is an informant and have ordered that he be killed on sight—possibly at the instigation of prison staff who have been unsuccessful in their own attempts to kill Plaintiff. Although Plaintiff has been in segregation, he has still faced threats, so he has consistently demanded to be single-celled. Nevertheless, he has been assigned a cellmate on at least two occasions. In an effort to bring attention to his concerns, Plaintiff initiated a hunger strike, which ended on August 12, 2013, after 27 days. [1]

---

[1] These issues were raised in *Allen v. Harrington*, Case No. 13-cv-00725-GPM (S.D. Ill. July 24, 2013), which was dismissed with prejudice on August 23, 2013. Plaintiff was denied a temporary restraining order on July 25, 2013. Some of these issues were also raised in *Allen v. Godinez*, Case No. 12-cv-00936-GPM (S.D. Ill. Aug. 23, 2012), wherein Plaintiff alleged that his half-sister paid Menard staff to kill him so that she could receive proceeds from their father's

Plaintiff's current request for emergency relief is premised upon having been celled with inmate Ray Moore. Plaintiff and Moore had been celled together from July 15-August 9, 2013. On August 9, 2013, after it was announced that Plaintiff was going to be moved out of the cell, Moore, who normally did little else but sleep, suddenly became active, pacing the cell, "looking at Inmate Allen," and becoming "hostile." Allen perceived that Moore was agitated, fearing that Allen would be moved before Moore could kill him. When Allen was exiting the cell, "Plaintiff observed Inmate Ray to be barely able to control his rage." Consequently, on August 12, 2013, Plaintiff submitted documentation declaring that Moore was a known enemy, which should have prevented prison officials from celling Plaintiff and Moore together. Nevertheless, on August 19, 2013, Defendant C/O Bower again housed Moore with Plaintiff. The complaint intimates that Moore and Plaintiff remain celled together as of September 5, 2013, when the complaint was signed. Plaintiff states that he fears of his life, and prison officials have ignored his many requests to be single celled and his enemy declaration.

Plaintiff prays that he always be single-celled, that he receive a permanent transfer from Menard, that his medical records be changed to properly reflect that he refused a TB test (apparently because not having a positive test would cause Plaintiff to be single celled), that his legal papers and personal property be returned to him, and that he receive new clothing ("prison whites").

The complaint is currently undergoing threshold review pursuant to 28 U.S.C. § 1915A, so service of process has not commenced. A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2). A TRO may issue without notice *only* if:

---

estate, and that medical records had been falsified to omit his refusal to take a TB test. That case was also dismissed with prejudice.

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED.R.CIV.P. 65(b)(1).

Without expressing any opinion on the merits of Plaintiff's complaint, the Court is of the opinion that a temporary restraining order is not warranted. Plaintiff's allegations do not clearly demonstrate the likelihood of immediate and irreparable harm before Defendants C/O Bower and Warden Harrington can be heard. Plaintiff offers no details about when he was previously attacked by staff or when he learned that there was a gang "hit" on him. He offers only bare assertions and conclusory statements. His fear of inmate Moore is based only on Moore looking at him and pacing; there is no indication of a link between Moore and the threats and "hit" that Plaintiff has feared over a two-year period. Plaintiff and Moore were housed together for almost a full month, from July 15 to August 12, without incident or perceived threat. Plaintiff has been housed with Moore since August 19 without incident--no "looks" or other nefarious activity. Plaintiff Allen has failed to clearly show that he is in imminent danger of physical injury, which is the threshold such an extraordinary remedy.

Accordingly, Plaintiff's motion for emergency relief—issuance of a temporary restraining order—is **DENIED** without prejudice. If Plaintiff wants to pursue a preliminary injunction under Federal Rule of Civil Procedure 65(a), he must file a separate motion.

      **IT IS SO ORDERED.**

      **DATED: September 11, 2013**

                                                  s/ *G. Patrick Murphy*
                                                  **G. PATRICK MURPHY**
                                                  **UNITED STATES DISTRICT JUDGE**