IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODERICK T. ALLEN, # N-94327,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-931-MJR |
| ) | |
| **C/O BOWER,** ) | |
| **RICHARD HARRINGTON,** ) | |
| **MICHELLE L. GROOVES, DR. FAHIM,** ) | |
| **DR. NATHAN CHAPMAN,** ) | |
| **PAULA l. POWERS, and** ) | |
| **HYDE PARK BANK,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court for review of Plaintiff's motion for leave to proceed in forma pauperis ("IFP") (Doc. 4), filed on September 13, 2013. Plaintiff has accumulated three "strikes" because of the dismissal of three of his previously-filed lawsuits for failure to state a claim upon which relief may be granted or for raising frivolous claims.[1] Therefore, under 28 U.S.C. § 1915(g), he is not allowed to proceed *in forma pauperis* ("IFP") in a new civil action unless he is under imminent danger of serious physical injury.

**Procedural History**

Plaintiff is currently incarcerated at Menard Correctional Center ("Menard"). He filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on September 10, 2013, naming two Defendants: Correctional Officer Bower and Menard Warden Richard Harrington. In the

---

[1] *Allen v. Chapman*, Case No. 11-cv-1130-MJR (S.D. Ill., dismissed Aug. 29, 2012); *Allen v. Godinez*, Case No. 12-cv-936-GPM (S.D. Ill., dismissed Oct. 18, 2012); and *Allen v. Harrington*, Case No. 13-cv-725-GPM (S.D. Ill., dismissed Aug. 22, 2013).

Page **1** of **12**

original complaint, he sought "emergency relief" in the form of a court order requiring him to be housed in a single-man cell and transferred to another prison, among other requests. He claimed that he was in danger of attack by his cellmate (Ray Moore), and feared that gangs and prison staff are seeking to kill him.

On September 11, 2013, this Court denied without prejudice Plaintiff's motion for emergency relief (Doc. 3), finding that his pleadings had not shown him to be in imminent danger of physical injury. Plaintiff then requested an "extension of time" to file an amended complaint (Doc. 6), which was granted (Doc. 8). His second request for an extension was accompanied by a "Petition for Injunction – Refusal of Emergency Injections" (Do. 10). The Court granted another extension and deferred ruling on the petition for injunctive relief (Doc. 12).

On November 22, 2013, Plaintiff filed his "First Amended Complaint – Conspiracy to Commit Murder" (Doc. 13). Besides the two original Defendants, Plaintiff added five more: Michelle L. Grooves (a nurse at Menard), Menard Dr. Fahim, former Menard Dental Director Dr. Nathan Chapman, Paula L. Powers (Plaintiff's half-sister), and Hyde Park Bank (Doc. 13, pp. 1-4).

On December 26, 2013, Plaintiff filed a "Notice of Filing in Other Court" (Doc. 15). Attached was a copy of a "Petition for Affidavit from Estate Witness" which Plaintiff had filed in his state criminal case (Cook County Case No. 04-CR-19905). That petition requested the judge who presided over the criminal case to order the Cook County State's Attorney to provide Plaintiff with written affidavits from a number of individuals as to the amount and value of any monetary gifts they had received from Paula L. Powers. These individuals include four of the Defendants named in the First Amended Complaint, four of the medical professionals who

evaluated Plaintiff's fitness to stand trial in his criminal case,[2] and a number of other persons involved in his criminal prosecution.

**The First Amended Complaint (Doc. 13)**

Plaintiff's factual allegations, such as they are, are primarily incorporated into his listing of the Defendants, and include references to several documents attached as exhibits. Defendant Bower was responsible for placing Plaintiff's "Declared Enemy" (apparently a reference to Ray Moore) into his cell on August 19, 2013 (Doc. 13, p. 1). The attached response to Plaintiff's grievance states that by November 5, 2013, Plaintiff had been moved to a single cell and was no longer housed with Moore (Doc. 13, p. 9).

Defendant Nurse Grooves, on an unspecified date, refused to refer Plaintiff to a doctor when he sought help for his "sickly appearance and weight loss" which Plaintiff suspected had been caused by a "Poisoned Tuberculosis Skin Test Injection" he was given on February 26, 2010 (Doc. 13, p. 2). She also falsified Plaintiff's medical records, stating he submitted to a test/injection on February 8, 2012, when in fact he had refused.[3] He claims the false records were used to force him into two situations where he "could be attacked by other inmates." *Id*. He does not elaborate further.

Defendant Fahim, in November 2009, "attempted to convince Plaintiff to go on an unannounced surgery furlough, which may have resulted" in Plaintiff's death or loss of the ability to speak (Doc. 13, p. 3). Again, no other details are included.

Defendant Chapman refused to treat Plaintiff's gum disease in the spring of 2008.

---

[2] *See People v. Allen*, 929 N.E.2d 583, 587-88 (Ill. App. 2010). Plaintiff was convicted of murdering his sister Debbie Whitebear, and of home invasion.

[3] These allegations formed part of the basis of Plaintiff's claims in *Allen v. Godinez*, Case No. 12-cv-936-GPM, which was dismissed with prejudice on Oct. 18, 2012.

*Id*.  Further, he had cultivated and implanted bacteria in Plaintiff's teeth and gums, in an attempt to place Plaintiff in danger of death by poisoning during a tooth extraction procedure.[4]  *Id*.

Defendant Paula Powers is paying unnamed Menard staff (with funds defrauded from the estate of Plaintiff's "late father" Carl B. Lewis[5]) in an attempt to cause Plaintiff's death or great bodily harm, either at the hands of other inmates or through medical or dental procedures (Doc. 13, p. 4).

Defendant Hyde Park Bank is an institution in Chicago which has "aided and abetted the efforts of Paula L. Powers to defraud and kill the Plaintiff" (Doc. 13, p. 4).[6]  Plaintiff claims to have had joint bank accounts and other financial assets with the late Carl B. Lewis which were closed without his approval.

In his "Statement of Claim" section, Plaintiff says:

> None of the Defendants has endeared the Plaintiff to them in a manner by which he would allow them to keep the monetary assets given to them by Paula L. Powers is suspected to have given to them [sic] from funds defrauded from the Plaintiff.

(Doc. 13, p. 5).

As relief, Plaintiff asks only for this Court to provide him with (or cause to be provided) "any and all financial information, and records, available to this Court pertaining to the

---

[4] Plaintiff previously sued Defendant Chapman over these identical allegations in *Allen v. Chapman*, Case No. 11-cv-1130-MJR.  The claim against Defendant Chapman was designated as Count 3 in that action, and was dismissed with prejudice as frivolous on Aug. 29, 2012.

[5] During the proceedings (between September 2004 and June 2005) leading up to Plaintiff's criminal trial, he maintained that his deceased father, Claude W. Allen, Jr., was a serial killer and was not his real father.  He claimed that his real father was Carl Lewis, from whom he stood to inherit the proceeds of a real estate trust.  Plaintiff insisted that his siblings (including Defendant Paula Powers) conspired to prevent him from receiving this inheritance.  *People v. Allen*, 929 N.E.2d 583, 586-88 (Ill. App. 2010).

[6] Plaintiff previously sued both Paula Powers and Hyde Park Bank in *Allen v. Godinez*, Case No. 12-cv-936-GPM, raising virtually identical claims that Powers was paying Menard staff to harm or kill him.  That case was dismissed with prejudice on October 18, 2012.

estate of the late Carl B. Lewis" including a copy of the death certificate and will. *Id*.

**Motion for Leave to Proceed IFP (Doc. 4)**

Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00[7] filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

In this case, Plaintiff's motion and affidavit are sufficient as to form, but the Court's inquiry does not end there. Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

As noted earlier, Plaintiff has brought the following actions during his imprisonment seeking redress from officers or employees of a governmental entity, that have been dismissed pursuant to 28 U.S.C. § 1915A on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: *Allen v. Chapman*, Case No. 11-cv-1130-MJR (S.D. Ill., dismissed Aug. 29, 2012); *Allen v. Godinez*, Case No. 12-cv-936-GPM (S.D. Ill., dismissed Oct. 18, 2012); and *Allen v. Harrington*, Case No. 13-cv-725-

---

[7] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee, and will be assessed a fee of only $350.00.

GPM (S.D. Ill., dismissed Aug. 22, 2013).  Because Plaintiff has three "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner.  *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).  In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous."  *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).  Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP."  *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's complaint, as well as his motion for leave to proceed IFP, are devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury.  The claim which precipitated this action, that Defendant Bower placed him in danger by housing him in a cell with his "enemy" (Ray Moore) became moot when Plaintiff was moved to a single cell.  This was done by November 5, 2013, at the latest – well before Plaintiff filed the operative (First Amended) complaint.

Plaintiff's specific allegations against Defendants Grooves, Fahim, and Chapman, in addition to being conclusory and ridiculous, all involve incidents that occurred between 2008 and February 2012.  None of these claims remotely suggest that Plaintiff faced any imminent danger from them at the time he filed this action.  The claim that Nurse Grooves refused to give

Plaintiff a doctor's referral does not indicate the date when this occurred – but even if this was a recent incident, the description of Plaintiff's condition is too vague and conclusory to overcome the three-strike bar.

As for Plaintiff's claims that his half-sister (Defendant Powers) is paying Menard officials to harm or kill him, this Court previously found these allegations to be "clearly baseless," "fanciful, fantastic, and delusional" (Doc. 11 in *Allen v. Godinez*, Case No. 12-cv-936-GPM) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).  Nothing in the instant complaint or exhibits leads the Court to a different conclusion.  In *Neitzke v. Williams,* 490 U.S. 319 (1989*)*, the Supreme Court noted that when a district court considers an *in forma pauperis* motion, it has

> the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . [such as] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id.* at 327-28.  Plaintiff's allegations that his half-sister, Defendant Powers, has been using money purportedly gleaned from an inheritance Plaintiff is due from the estate of a person he claims was his father, to pay Menard staff to kill or injure Plaintiff, draw just such a "fantastic or delusional scenario."  The Court will not indulge him by giving any credence to these bizarre claims.

In summary, Plaintiff has failed to show that he was facing imminent danger of serious physical injury at the time he filed his First Amended Complaint.  Further, any claim of danger he might have faced from his cellmate at the time he filed this action in September 2013 has become moot.  The motion for leave to proceed in forma pauperis (IFP) (Doc. 4) is therefore **DENIED**.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

When leave to proceed IFP is denied, a prisoner-plaintiff is ordinarily allowed to carry on with an otherwise meritorious action if he pre-pays the full filing fee. However, the instant complaint fails to survive the initial merits review required by 28 U.S.C. § 1915A. Under § 1915A, the Court is required to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. Applying these standards to the First Amended Complaint, Plaintiff's claims must be dismissed.

The claim against Defendant Bower does not indicate that he failed to protect Plaintiff from harm from inmate Moore. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at

the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In this case, Plaintiff never claims that he suffered any attack or injury from Moore, and the two were separated not long after Plaintiff complained about his perceived threats. Plaintiff thus fails to state a claim against Defendant Bower upon which relief may be granted.

Likewise, Plaintiff's general claims that he had lost weight and had a "sickly appearance" do not suggest that Defendant Grooves was deliberately indifferent to a serious medical condition when she declined to refer him to a doctor. The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff fails to plead any facts which would indicate he suffered from a serious condition as defined in *Gutierrez*. The complaint suggests that Defendant Grooves decided, based on her evaluation of his condition, that Plaintiff did not need to see a doctor. Her action might have been a mistake, negligence, or even ordinary malpractice – but none of these will rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques). This allegation thus fails to state a claim against

Defendant Grooves, and shall be dismissed with prejudice. The other claims (falsification of medical records) Plaintiff reasserts here had previously been dismissed with prejudice, and shall remain so.

The claim against Defendant Fahim, over a surgical procedure that apparently never happened, is completely speculative and devoid of facts. It likewise shall be dismissed with prejudice.

The remaining claims, against Defendants Chapman, Powers, and Hyde Park Bank, are another attempt by Plaintiff to revive claims which were dismissed with prejudice in earlier proceedings. As such, they are entirely frivolous.

Plaintiff fails to include any factual allegations against Defendant Harrington, thus states no claim against him upon which relief may be granted. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Finally, the Court notes that even if Plaintiff had stated a meritorious claim, the relief he seeks is not available. He asks the Court to provide him with financial records "pertaining to the estate of the late Carl B. Lewis" as well as his death certificate and will. This material, if it exists, would not be found in the records or under the control of the Federal District Court for the Southern District of Illinois.

**Disposition**

For the reasons stated above, **IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice.** The claims against Defendants Bower and Fahim are dismissed with prejudice for failure to state a claim upon which relief may be granted. The claim against Defendant Grooves regarding Plaintiff's "sickly appearance and weight loss" is dismissed for

failure to state a claim upon which relief may be granted, and the other claims against her are dismissed as frivolous.  The claims against Defendants Chapman, Powers, and Hyde Park Bank are dismissed as frivolous.  No claim upon which relief may be granted was articulated against Defendant Harrington.  All Defendants are dismissed from the action with prejudice.

Because Plaintiff's motion to proceed IFP in this action has been denied, it is **further ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **April 7, 2014**).  If Plaintiff fails to comply with this Order in the time allotted by the Court, a separate order will issue for the prison Trust Fund Officer to deduct payments from Plaintiff's trust fund account until the $400.00 fee is paid in full.  Plaintiff incurred the obligation to pay the filing fee for this lawsuit when it was filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit.  See 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

All other pending motions are **DENIED AS MOOT.**

Plaintiff is **ADVISED** that this dismissal shall count as another "strike" under the provisions of 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has

"struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

**IT IS SO ORDERED.**

**DATED: March 17, 2014**

s/ MICHAEL J. REAGAN
United States District Judge